Filed 5/27/14  In re Megan H. CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re MEGAN H. et al., Persons Coming Under the Juvenile Court Law. | B251096 (Los Angeles County Super. Ct. No. CK99354) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. ERIC H., Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Anthony Trendacosta, Temporary Judge.  (Pursuant to Cal. Const. art. VI, § 21.)  Affirmed.

William S. Hulsy for Defendant and Appellant.

John F. Krattli, County Counsel, James M. Owens, Assistant County Counsel and Jacklyn K. Louie, Principal Deputy County Counsel, for Plaintiff and Respondent.

Eric H. (father) appeals the dispositional order entered after the juvenile court asserted jurisdiction over father's three children pursuant to Welfare and Institutions Code[1] section 300, subdivision (b). Father maintains that the evidence before the juvenile court was insufficient to establish jurisdiction based on father's conduct and as a consequence, the disposition of the case as to him was erroneous. Because jurisdiction based on mother's conduct is not challenged, and father failed to establish that the court abused its discretion in fashioning the dispositional order, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Megan H. (born 2002), Kristin H. (born 2004), and Matthew H. (born 2006) are the children of father and Sara H. (mother). Mother and father had been married for 10 years when they instituted marital dissolution proceedings.

Mother had been addicted to prescription pain killers and sleeping medications. Following a period of sobriety, she relapsed in 2013, following the deaths of her mother and brother and the dissolution of her marriage. Father reported mother to DCFS in March 2013, stating that he had arrived at mother's residence to find her passed out with Matthew and Kristin crying, and that she had been involved in a minor traffic accident while under the influence. Mother reported that, in December 2011, father had put his hands on her shoulders and pushed her to the ground and had accidentally run over her foot while pulling out of the driveway. Neither mother nor the children were injured as a result of these incidents, but the children were upset by the parents' conduct.

On May 7, 2013, DCFS filed a section 300 petition based on mother's abuse of prescription drugs and the parents' history of altercations in the children's presence. At the detention hearing held that day, the juvenile court found father to be the children's presumed father. It made prima facie findings to detain the children from mother only, and ordered the children to remain released to father. The court further ordered the

_____

[1] Subsequent statutory references are to this code.

2

children to be assessed for therapy. Mother was to be provided with referrals consistent with the recommendations of an Upfront Assessment, and father was to be provided with referrals for domestic violence, individual counseling, and parenting classes. Mother was to be given monitored visits three times a week. The matter was continued to July 1, 2013 for adjudication.

In its jurisdiction/disposition report dated July 1, 2013, DCFS recommended that the children be placed home-of-parent father, that he be provided with family maintenance services, and that mother be provided with family reunification services.

At the adjudication and disposition hearing on July 1, 2013, mother pled no contest to the allegations in the petition. Father's counsel moved to dismiss count b-3 concerning the parents' history of domestic violence, arguing there was no evidence to support the allegations. Counsel for the minors urged the court to grant the motion; both mother and DCFS opposed the motion. DCFS noted that it had already struck the work "violent" from the allegations, but stated that the parents' verbal arguments were "highly volatile." It also noted that father had admitted to angering easily and having "the more explosive personality."

The court declined to dismiss the domestic violence allegations, stating "by father's own admission he has anger issues, which are not going to go away . . . ." The court was concerned with the effect of the parents' arguments on the children. Said the court: "[I]t's clear, based upon my assessment of the father's demeanor, that he still has a lot of anger issues with respect to the mother, I think some of it very well placed obviously. But until that's resolved, anybody who thinks that this problem isn't going to resurface is kidding themselves. . . ." The court found the altercations between the parents were "having an adverse effect upon the children and, unabated, will continue." Consequently, the court sustained the b-1 substance abuse allegations as to mother as pled and, after amending the allegations regarding the parents' altercations in the children's presence, sustained the b-3 count as to both parents.

3

The court declared the children dependents of the court. It found by clear and convincing evidence that "continuance in the home of the mother is contrary to the children's welfare," that their return to mother would create a substantial danger to their "physical health, safety, protection, physical and emotional well-being," and that "there are no reasonable means [by] which the children may be protected without removal." The court ordered the children to remain with father, commenting on the good job he had done caring for the children. It further ordered individual counseling for the parents and the minors, conjoint family counseling as deemed appropriate, no discussion of the case with the children, the parents to keep DCFS apprised of their current contact information, no removal of the children from the state without permission of the social worker, and no corporal punishment.[2]

Father timely appealed the jurisdictional findings relating to domestic violence, and the dispositional orders directed to him.

## DISCUSSION

1. *Jurisdictional findings*

Father appeals from the jurisdictional finding regarding one of two counts sustained by the juvenile court. He maintains "[t]here is no jurisdiction over him here in this case according to the evidence adduced."

As the court below recognized, dependency petitions "are not filed against the parents, they're filed on behalf of the children." "The reviewing court may affirm a

---

[2]     The court also ordered, "with respect to the mother, she is to be in a court-approved program of random testing, individual counseling to address case issues, a substance abuse program, parenting. She's to have a psychiatric evaluation, take any and all prescribed medications. I would want to make sure that any psychiatrist who sees her understands her history and that any psychiatrist who sees her, has prescribed medications, gets copies of the reports. There's to be individual counseling for her, to include domestic violence, substance abuse, and grief and loss." The court ordered visits for mother in a neutral setting and with mother not under the influence of alcohol or drugs, to be monitored by someone other than father, with discretion to liberalize.

juvenile court judgment if the evidence supports the decision on any one of several grounds . . . . [T]he paramount purpose underlying dependency proceedings is the protection of the child. [Citations.]" (*In re Jonathan B.* (1992) 5 Cal.App.4th 873, 876-877; see also *In re La Shonda B.* (1979) 95 Cal.App.3d 593, 599-600 [where a child has been neglected or abused by either parent, the statute supports a judicial finding that the minor is a person described by section 300].)

Here, mother pled no contest to the allegations regarding her history of substance abuse. That count constitutes a valid, uncontested basis for jurisdiction. Because substantial evidence supports the juvenile court's jurisdictional finding under section 300, subdivision (b) based on mother's substance abuse, the trial court properly asserted jurisdiction in this matter.

2. *Dispositional order*

Father appeals the dispositional order, claiming "no clear and convincing substantive evidence was adduced to justify the dispositional order."[3]

Father cites no cases in support of his argument. Father appears to rely on the fact that this family came to the attention of the DCFS due to mother's substance abuse issues to argue that the court's dispositional orders directed at him are not warranted. However, a juvenile court has broad discretion to decide what is in the children's best interests and to fashion orders accordingly. (*In re Christopher H.* (1996) 50 Cal.App.4th 1001, 1006.) The juvenile court has discretion to fashion a disposition appropriate to the circumstances of the particular case. (*In re Corey A.* (1991) 227 Cal.App.3d 339, 346.)

_____

[3] We note that the clear and convincing evidence standard was adopted "for the edification and guidance of the trial court, and was not intended as a standard of review for appellate review. 'The sufficiency of evidence to establish a given fact, where the law requires proof of the fact to be clear and convincing, is primarily a question for the trial court to determine, and if there is substantial evidence to support its conclusion, the determination is not open to review on appeal.' [Citation.]" (*Crail v. Blakely* (1973) 8 Cal.3d 744, 750.)

Here, the court returned the children to father's care and ordered family maintenance services for father and counseling for all parties. We see no abuse of discretion in that order.

### 3. *Claim of ineffective assistance of counsel*

Finally, father argues that he was provided ineffective assistance of counsel. We find no merit to the claim.

In order for a party to prove ineffective assistance of counsel, he must show (1) "that counsel failed to act in a manner to be expected of reasonably competent attorneys practicing in the field of juvenile dependency law," and (2) that but for counsel's actions, "it is 'reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error.'" (*In re Kristin H.* (1996) 46 Cal.App.4th 1635, 1667, 1668, citing *People v. Watson* (1956) 46 Cal.2d 818, 836.) When determining competence, this court uses deferential scrutiny (*People v. Ledesma* (1987) 43 Cal.3d 171, 216) while indulging a strong presumption that counsel's conduct was within the range of reasonable professional assistance. (*Kimmelman v. Morrison* (1986) 477 U.S. 365, 381.)

Here, father claims his court-appointed counsel made the following errors: counsel did not request a continuance when the pleading to count b-3 was amended by DCFS; counsel did not demur to the amended pleading; counsel did not object to hearsay statements in the documentary evidence received by the court; counsel did not call mother to testify so as "to set the real facts before the court;" and counsel "conceded" father's willingness to attend counseling during his closing argument. Father fails to explain, and we fail to discern, how any of these supposed errors would have resulted in an outcome more favorable to father.

For example, father contends that, when count b-3 of the petition was amended to delete the word "violent" to describe the altercations between the parents, his counsel should have requested a continuance in order to demur to the petition. As noted above,

however, even had counsel done so, the outcome of the proceedings would not have changed, as the court had jurisdiction of the minors based on the allegations concerning mother, whether or not the b-3 count was sustained or dismissed. The same can be said of counsel's failure to object to mother's hearsay statements in documents received in evidence and to his "concession" that father was willing to attend counseling. Father fails to establish that counsel's timely objection to the hearsay statements would have resulted in a different outcome. And counsel's reiteration of father's own testimony regarding his willingness to participate in court-ordered counseling simply could have no effect on the outcome of the proceedings. In short, father's ineffective assistance of counsel claim lacks merit.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

MINK, J.[*]

We concur:

TURNER, P. J.

MOSK, J.

---

[*] Retired Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.